UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAKUBOWSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>　　　　　Defendants. | 1:23-cv-01156-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br><br>**14-DAY DEADLINE** |

Plaintiff David Jakubowski is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

Following screening, this action proceeds on Plaintiff's Fourteenth Amendment due process violation against Defendants Price, Van de Putte, and Fulton. (*See* Doc. 8.)

On April 2, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 9.) Plaintiff was provided USM-285 forms, summonses, a Notice of Submission of Documents form, and a copy of the endorsed complaint. (*Id*. at 1-2.) Plaintiff was directed to return those documents, as outlined in the order, within 30 days. (*Id*.) Although more than 30 days have passed, Plaintiff has failed to return the completed service documents to the Court.

//

//

1

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In its Order Finding Service Appropriate, Plaintiff was provided with all necessary service forms and documents. (Doc. 9.) He was directed to complete the documents —the Notice of Submission of Documents form, along with a completed summons and a completed USM-285 form for each defendant, and four copies of the endorsed complaint, and was to return those documents to the Court within 30 days. (*Id*. at 2.) Plaintiff was expressly warned: "**Plaintiff is informed that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for a failure to obey a court order.**" (*Id*., emphasis in original.)

Although more than 30 days have passed, Plaintiff has failed to submit the required completed service documents as ordered.

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may return the completed service documents to the Court.

2

**Failure to comply with this order to show cause *will* result in a recommendation that this action be dismissed for a failure to a failure to comply with a court order**.

IT IS SO ORDERED.

Dated:  **May 7, 2025**                                    */s/ Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE