UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAKUBOWSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>　　　　Defendants. | 1:23-cv-01156-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff David Jakubowski is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

Following screening, this action proceeds on Plaintiff's Fourteenth Amendment due process violation against Defendants Price, Van de Putte, and Fulton. (*See* Doc. 8.)

On April 2, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 9.) Plaintiff was provided USM-285 forms, summonses, a Notice of Submission of Documents form, and a copy of the endorsed complaint. (*Id*. at 1-2.) He was directed to return those documents, as outlined in the order, within 30 days. (*Id*.)

On May 7, 2025, when more than 30 days passed and Plaintiff failed to return the completed service documents, the Court issued its Order to Show Cause (OSC) in Writing Why

1

1  Action Should Not be Dismissed for Plaintiff's Failure to Comply with Court Order. (Doc. 10.)
2  Plaintiff was directed to respond in writing within 14 days, or, alternatively, to return the
3  completed service documents to the Court within that same time. (*Id*. at 2.)
4      More than 14 days, plus time for mailing, have now passed, yet Plaintiff has failed to
5  return the completed service documents to the Court. Therefore, the undersigned will recommend
6  this action be dismissed without prejudice.
7      **II.   DISCUSSION**
8        **A. Applicable Legal Standards**
9      The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,
10 "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
11 be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule
12 or within the inherent power of the Court." Local Rule 110. "District courts have inherent power
13 to control their dockets" and, in exercising that power, may impose sanctions, including dismissal
14 of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).
15 A court may dismiss an action based on a party's failure to prosecute an action, obey a court
16 order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
17 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*
18 *Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court
19 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
20 prosecute and to comply with local rules).
21     In determining whether to dismiss an action, the Court must consider several factors:
22 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
23 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
24 cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at
25 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).
26       **B. Analysis**
27     Plaintiff has failed to return the completed service documents to the Court and service of
28 process cannot commence. The Court cannot effectively manage its docket if Plaintiff ceases

1 litigating his case. The Court finds that both the first and second factors—the public's interest in
2 expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of
3 dismissal. *Carey*, 856 F.2d at 1440.

4     The third factor weighs in favor of dismissal since a presumption of injury arises from the
5 occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524
6 (9th Cir. 1976). Here, while no defendant has appeared in this action because service has not been
7 effected, Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting
8 in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also
9 weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

10     The fourth factor usually weighs against dismissal because public policy favors
11 disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
12 "this factor lends little support to a party whose responsibility it is to move a case toward
13 disposition on the merits but whose conduct impedes progress in that direction." *In re*
14 *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)
15 (citation omitted). By failing to return the service documents to the Court, that would allow for
16 service efforts to proceed, Plaintiff is not moving this case forward and is impeding its progress.
17 Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs
18 in favor of dismissal. *Carey*, 856 F.2d at 1440.

19     Finally, the Court's warning to a party that failure to obey the court's order will result in
20 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
21 Here, the Court's April 2, 2025, Order warned: "**Plaintiff is informed that failure to comply**
22 **with this order will result in a recommendation that this action be dismissed without**
23 **prejudice for failure to obey court orders**." (Doc. 9 at 2, emphasis in original.) Next, the OSC
24 issued May 7, 2025, warned: "**Failure to comply with this order to show cause *will* result in a**
25 **recommendation that this action be dismissed for a failure to comply with a court order**."
26 (Doc. 10 at 3, emphasis in original.) Additionally, in the Court's First Informational Order in
27 Prisoner/Civil Detainee Civil Rights Case, issued August 3, 2023, Plaintiff was advised, in
28 relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules

3

of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) That order also advised that "all Court deadlines are strictly enforced." (*Id*. at 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.     CONCLUSION AND RECOMMENDATION

Accordingly, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

Further, for the reasons given above, the Court **HEREBY RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations

1  under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time
2  may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839
3  (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 30, 2025**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE